695 P.2d 1248

**Steven P. ARTIS, SSA 519 54 7026,
Claimant-Appellant,**

v.

**MORRISON-KNUDSEN CO., INC.,
Employer-Respondent,**

and

**State of Idaho, Department of
Employment, Respondent.**

No. 15468.

Supreme Court of Idaho.

Feb. 12, 1985.

Stephen L. Beer, Boise, for claimant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Evelyn Thomas, Deputy Atty. Gen., Roger B. Madsen, Asst. Atty. Gen., Boise, for respondent Dept. of Employment.

Roger B. Madsen, Boise, for respondent Morrison-Knudsen Co., Inc.

SHEPARD, Justice.

This is an appeal from a decision of the Industrial Commission which terminated unemployment compensation benefits to claimant Artis and disqualified Artis from receipt of any unemployment benefits for an additional period of 52 weeks on the basis that he had wilfully misrepresented a material fact on a weekly certification form. We reverse.

Artis had been employed as an accountant with Morrison-Knudsen Co., Inc., for five years and was laid off work on July 27, 1983 because of company economic problems. He applied for and received unemployment benefits. On August 31, 1983, Artis broke his ankle, for which he entered the hospital on September 1, underwent surgery on September 2, and was discharged from the hospital on September 6. Artis was involuntarily unemployed and there is no assertion otherwise. Between August 29 and September 16, 1983, Artis had sought work from five prospective employers. There is no assertion that any work was offered or available to him prior to the termination of his benefits.

I.C. § 72–1366 provides in pertinent part: "The personal eligibility conditions of a benefit claimant are that—

\*　　\*　　\*　　\*　　\*　　\*

(d) During the whole of any week with respect to which he claims benefits or credit to his waiting period he was able to work, available for suitable work, and seeking work ... and provided, that no claimant shall be considered ineligible in any week of unemployment for failure to comply with the provisions of this subsection if such failure is due to an illness or disability which occurs after he has filed a claim and registered for work and no suitable work has been available for him after the beginning of such illness or disability ..."

■ Hence, even accepting respondent's argument that Artis was unable to work, unavailable for suitable work, and not seeking work during the time that he was hospitalized, it is clear that under the provisions of I.C. § 72–1366, "no claimant shall be considered ineligible" under the present circumstances. Claimant was statutorily eligible under the circumstances and the Department of Employment would have had no authority to deny benefits or terminate benefits.

■ The Department's termination of benefits was affirmed by the Industrial Commission on the sole ground that Artis had failed to report a material fact. The procedure for the receipt of unemployment benefits requires a recipient to appear weekly and fill out a weekly certification form. That form contained the question, "Was there any time during that week when you were not able to or available for work (due to leaving the area, personal illness or disability, family illness, child care problems, etc.)." To that question on two weekly certification forms Artis answered "No." As he explained, he had no illness and did not feel that he was "disabled" since he was mobile with a cast on his leg and could seek and, if offered, could accept and perform accounting work.

We hold that the instant case is distinguishable on its facts from those of *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 589 P.2d 89 (1979), upon which the commission based its decision. In *Skyline* a claimant had received an offer of employment which he had refused, since he felt it unsuitable and on his weekly certification form had asserted that he had not received an offer of employment. That misrepresentation was held to be one of material fact. In the instant case, as above pointed out, the statute controlled the situation without the need for any exercise of discretion on the part of the Department. The claimant here was eligible for benefits, albeit he was hospitalized for a short period of time. Hence

the misrepresentation, if such it was, was not of a material fact.

As this Court stated in *Davenport v. State Department of Employment*, 103 Idaho 492, 650 P.2d 634 (1982):

"The Employment Security Act was enacted to alleviate the hardships of involuntary unemployment and will be construed liberally to effectuate that purpose.... 'An unemployment law framed in such a way that the unemployed who looked to it will be deprived of reasonable protection is one in name and nothing more.' It is clearly the intent of the legislature that benefits be granted or denied based upon matters of substance rather than mere form, and the act will be construed to effectuate that intent."

The decision of the Industrial Commission is reversed and remanded for entry of a decision for claimant. Costs to appellant.

BISTLINE and HUNTLEY, JJ., and McFADDEN, J. Pro Tem., concur.

DONALDSON, C.J., dissents without opinion.